UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACEY COLEMAN,

        Plaintiff,

v.                                                          Case No. 16-cv-1530-pp

WFA STAFFING and
RCS COMMERCIAL INTERIORS,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED**
***IN FORMA PAUPERIS* (DKT. NO. 2) AND SCREENING COMPLAINT**

        The plaintiff, who is proceeding without a lawyer, filed this complaint on November 16, 2016. Dkt. No. 1. Along with the complaint, the plaintiff filed a notice of right to sue letter from the EEOC dated October 28, 2016, and a motion asking the court to allow him to proceed without paying the filing fee.[1] Dkt. No. 2. The court will grant the plaintiff's motion to proceed *in forma pauperis*, will allow him to proceed on his race discrimination claim against WFA Staffing, but will dismiss without prejudice the plaintiff's age discrimination claim against defendant WFA Staffing and both of his claims against defendant RCS Commercial Interiors.

**I.    SCREENING OF THE PLAINTIFF'S COMPLAINT**

        The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing

---

[1] The plaintiff initially filed an unsigned complaint, but filed an executed signature page a week or so later.

1

fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

In his request to proceed without paying the filing fee, the plaintiff states that he is not married and does not have a job, and that he does not financially support any dependents. Dkt. No. 2, at 1. He receives $769 per month in income, but he does not state the source of that income. Id. at 2. He does not list any other property or assets. Id. 3-4. The plaintiff states that his total monthly expenses are $670 per month, comprised of $300 in rent, $350 in general household expenses, and $20 in alimony or court-ordered child support. Id. Based on the information contained in the plaintiff's application, the court concludes that the plaintiff is unable to pay the filing fees and costs associated with this action, so the plaintiff has met the financial requirements of Section 1915(a).

Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Thus, district courts "screen" complaints filed by self-represented plaintiffs who request relief from the filing fee, to determine whether they must dismiss complaints under these standards.

A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31

(1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may dismiss a case as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." Id. at 32 (quoting Neitzke, 490 U.S. at 327). The standards for deciding whether to dismiss a case for failure to state a claim under §1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). To survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." DeWalt, 224 F.3d at 612. The court must liberally construe a *pro se* plaintiff's allegations, no matter how "inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on July 10, 2016, he applied for a position as a laborer with employment agency WFA Staffing, seeking a job as an in installer with defendant RCS Commercial Interiors. Dkt No. 1 at 2. According to the plaintiff, he spoke on the telephone with a WFA Staffing representative, Kelly Fishnick, who told him to visit WFA Staffing's office in order to apply for the

3

job. Id. at 2, 6. The plaintiff says that according to Ms. Fishnick, the position would give him on-the-job training as an installer; after getting that training, he either could remain in training or could work as installer. Id. at 3. The plaintiff alleges that Ms. Fishnick told him that she would submit his application for the laborer position, and would contact him when the next position became available. Id. The plaintiff asserts that later that month, he contacted Ms. Fishnick to ask why WFA Staffing had not notified him of the date for his orientation appointment. Id. Ms. Fishnick allegedly told the plaintiff that he did not have an appointment, and that his application had not been selected. Id. at 3-4.

The plaintiff claims that Ms. Fishnick incorrectly designated his application as one for the position of "installer," instead of the position of "laborer," which would have afforded him the on-the-job training to become an installer in the future. Id. at 4. The plaintiff alleges that two weeks after his application was rejected, Ms. Fishnick hired two individuals for the position for which the plaintiff had applied. Id.

The plaintiff pleads two causes of action: that the defendants discriminated against him because of his race, and that they discriminated against him because of his age. Id. at 5. Construing the complaint liberally, the court finds that the plaintiff's complaint contains sufficient factual allegations to state an employment discrimination claim against WFA Staffing under Title VII – he expressly claims that WFA Staffing didn't give him the job, and gave it to others, because of his race. See Bennett v. Schmidt, 153 F.3d 516, 518 (7th

4

Cir. 1998) (to state a race discrimination claim, "'I was turned down for a job because of my race' is all a complaint has to say."). For that reason, the court finds that the complaint is not frivolous, and will grant the plaintiff's motion to proceed *in forma pauperis.*

Even construing the plaintiff's allegations liberally, however, the court finds that the plaintiff has failed to state a race discrimination claim against defendant RCS Commercial Interiors. The complaint contains no allegations that RCS had any role in turning him down for the laborer position, or in hiring others for that position. There are no allegations that RCS had any role in WFA Staffing's actions. For that reason, the court will dismiss without prejudice the plaintiff's race discrimination claim against defendant RCS Commercial Interiors.

The court also finds that the complaint does not state a plausible claim for age discrimination against either defendant. The plaintiff does not tell the court how old he is, or when he was born. Without this information, the court has no way to assess whether the defendants may have discriminated against him based on his age. The court will dismiss without prejudice the plaintiff's age discrimination claims against both defendants. See, e.g., Coleman v. Wheaton Franciscan, No. 15-cv-610-DEJ, Order, Feb 25, 2016, Dkt. No. 6 (concluding the plaintiff failed to plead claims for age discrimination claims he did not allege when he was born); Stark v. Foxx, 14 cv-148-JDP, 2015 WL 1321587, *3 (Mar. 24, 2015) ("To adequately plead age discrimination, Stark must allege facts that plausibly show that FHWA did not select him for the ADA

5

position because of his age, which would generally require him to allege facts supporting a prima facie case."); Purze v. City of Evanston, 13-cv-1503, 2013 WL 4501442, *4 (N.D. Ill. Aug. 21, 2013) (holding that the plaintiff sufficiently pleaded an age discrimination claim by alleging, among other things, that she was over 40 years old and a member of a protected class under the ADEA).

## II.   CONCLUSION

The court **GRANTS** the plaintiff's motion to proceed *in forma pauperis*. The court **DISMISSES WITHOUT PREJUDICE** the plaintiff's age discrimination claim against defendant WFA Staffing and his age and race discrimination claims against defendant RCS Commercial Interiors. The court **DISMISSES** defendant RCS Commercial Interiors from this case, **WITHOUT PREJUDICE**.

The court **ORDERS** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4, the United States Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order on defendant WFA Staffing. Even though the court has permitted the plaintiff to proceed *in forma pauperis* in this case, the plaintiff remains responsible for the cost of serving the complaint on the defendants. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule appears in Revision to United States Marshals Service Fees for Services. See 28 C.F.R. §0.114(a)(2) and (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are

6

indigent, it has not made any provision for either the court or by the U.S. Marshals Service to waive this cost.

Dated in Milwaukee, Wisconsin this 9th day of December 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge